# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LISA CARROLL

    Plaintiff,

        v.

CELEBRITY CLEANING, INC. and
LEHIGH CARBON COMMUNITY
COLLEGE,

    Defendants.

NO. 3:18-CV-00638

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is a Motion to Dismiss (Doc. 17) filed by Defendant Lehigh Carbon Community College ("LCCC"). Plaintiff Lisa Carroll's Second Amended Complaint (Doc. 16) alleges that LCCC subjected her to a hostile work environment and retaliated against her for complaining about sexual harassment, all in violation of Title VII of the Civil Rights Act of 1964. (*Id.* at ¶¶ 44-48). LCCC only seeks to dismiss the retaliation claim. (*See* Docs. 17, 19). Because Carroll has adequately pled her retaliation claim, however, LCCC's Motion will be denied.

## I. Background

For the purpose of ruling on LCCC's Motion, I take Carroll's factual allegations as true. Defendant Celebrity Cleaning, a cleaning business, assigned Carroll "to work at [LCCC] for the entire course of her employment." (Doc. 16 at ¶ 9a). LCCC provided Carroll with a janitorial room, gave her keys to the building, and gave her the alarm codes. (*Id.* ¶¶ 9b-c). LCCC also "directed [Carroll] to perform tasks outside her primary cleaning duties on a daily basis," and would on occasion "request that [she] perform certain tasks in lieu of her normal tasks," excusing her from completing her normal tasks. (*Id.* ¶¶ 9d-e). For example, Larissa Verta (LCCC's Dean) and Cheryl Fisher (the District Manager of the LCCC campus) both assigned Carroll cleaning duties outside her normal working hours by calling her personal cell phone. (*Id.* ¶¶ 9f-g). Carroll "always reported incidents that occurred at the

workplace" to Verta and Fisher, who would then tell Carroll that "they would take care of it" rather than direct her to Celebrity Cleaning. (*Id.* ¶¶ 9i-j).

In August 2015, a security guard at LCCC, Charles Rodgers, began sexually harassing Carroll. (*Id.* ¶¶ 13-14). Carroll complained to both Verta and her Celebrity Cleaning supervisor Joan Meyers, but neither did enough to stop the harassment from continuing. (*Id.* ¶¶ 15-17). So around March 6, 2017, Carroll again complained to Verta and Meyers about the sexual harassment (and new threats of bodily harm from Rodgers). (*Id.* ¶¶ 20-21). Six days later, Meyers informed Carroll that "LCCC terminated her employment . . . because she used a telephone during work hours, left the premises while on the clock and did not get along with the people at [LCCC]." (*Id.* ¶ 24).

Carroll subsequently obtained Notices of Right to Sue from the Equal Opportunity Employment Commission and the Department of Justice, and timely filed her complaint against Celebrity Cleaning and LCCC for violations of Title VII (which outlaws discrimination on the basis of sex in the workplace). (*Id.* ¶ 1). LCCC responded with its Motion to Dismiss, arguing that Carroll has failed to sufficiently allege a retaliation claim against it. (Doc. 17). The Motion has been fully briefed and is now ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. The defendant, as the movant, bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). When considering a Rule 12(b)(6) motion, my role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). A court does not consider whether a plaintiff will ultimately prevail. *Id*.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (quotation omitted). Detailed factual allegations are not required. *Id.* However, "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts to support its claims for relief. *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (Alito, J.). But I may consider a "document integral to or explicitly relied upon in the complaint." *Id.* (quotation and emphasis omitted). I need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quotation omitted).

### III. Discussion

LCCC raises two arguments in its brief: first, that LCCC merely asked that Carroll "be transferred to a different site," not necessarily fired; and second, that Carroll's factual allegations are insufficient to suggest LCCC could take adverse employment action against her. (*See* Doc. 19 at 6). In support of these arguments, LCCC asks me to consider an affidavit from Brian Kahler (a Vice President at LCCC), an email he sent to Celebrity Cleaning on March 6, 2017, and the contract between LCCC and Celebrity Cleaning. (*See* Doc. 17-1).

I will not consider these submissions. The affidavit, email, and contract are all "matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Carroll's complaint does not explicitly rely on anything contained in these documents, nor are any of them integral to her complaint. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (district court abused discretion by, among other things, "incorporating-by-reference" a blog post briefly quoted in a footnote of the complaint because the post was not extensively referred to in the complaint and the post formed no basis of any claim); *Streit v. Bushnell*, 424 F. Supp. 2d 633, 639 n.3 (S.D.N.Y. 2006) (declining to consider an affidavit which "was not a document relied upon, attached to or incorporated by reference in the [complaint]"); *Brown ex rel. Marasco v. Wiener*, No. 04-CV-3442, 2005 WL 2665649, at *3 (E.D. Pa. July 6, 2005) (contract not integral to complaint because claims were not based on the contract's terms). Carroll therefore lacked notice of LCCC's submissions, which is "the primary problem raised by looking to documents outside the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426*; see Khoja*, 899 F.3d at 1003 (lack of notice can allow "the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—[to] easily topple otherwise cognizable claims"); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156-57 (2d Cir. 2006). I accordingly decline to consider LCCC's evidence or convert the Motion to Dismiss into one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Pryor v. NCAA*, 288 F.3d 548, 559 (3d Cir. 2002).

That leaves for my consideration only Carroll's well-pled allegations. To state a Title VII retaliation claim, Carroll must allege "(1) that [s]he engaged in a protected activity; (2) that [s]he suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action." *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001). LCCC contends that it did not recommend terminating Carroll, and that Celebrity Cleaning had the sole authority to terminate. But Carroll alleges that "LCCC terminated her employment" for a variety of pretextual reasons six days after complaining about sexual harassment. (Doc. 16 at ¶ 24). And Carroll backs up LCCC's status as her employer with additional facts: Verta and Fisher, LCCC's Dean and campus manager, respectively, gave Carroll work assignments and handled her complaints. (*See id.* ¶¶ 9f-j). Taken together, these allegations easily satisfy the second and third elements of a retaliation claim. *See Cardenas*, 269 F.3d at 263; *Butterbaugh v. Chertoff*, 479 F. Supp. 2d 485, 494 (W.D. Pa. 2007) (status as a joint-employer depends on the "authority to hire and fire employees [and] promulgate work rules and assignments," and "day to-day supervision of employees," among other factors). Carroll has therefore adequately pled the only claim LCCC challenges.

## IV. Conclusion

For the reasons stated above, LCCC's Motion to Dismiss will be denied.

An appropriate order follows.

<u>December 21, 2018</u>  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge